

In The

# Court of Appeals
## Seventh District of Texas at Amarillo

_____

No. 07-18-00241-CV

_____

ANNETTE MANCILLAS, APPELLANT

V.

LUBBOCK WILD WINGS, LTD., WESTEX WINGS MANAGEMENT, LC,
HOWBRO INVESTMENTS, LTD., HOW NO. 1, AND
BUFFALO WILD WINGS INTERNATIONAL, INC., APPELLEES

On Appeal from the 99th District Court
Lubbock County, Texas
Trial Court No. 2017-524,467; Honorable William C. Sowder, Presiding

July 17, 2018

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Appellant, Annette Mancillas, appeals from the trial court's order granting summary

judgment in favor of Appellee, Lubbock Wild Wings, Ltd.[1] but has not paid the required

---

[1] The trial court's order granting Lubbock Wild Wings, Ltd.'s motion for summary judgment does not address Mancillas's claims against the other defendants. The order states, however, "[t]his order disposes of all claims and parties, making it final and appealable." *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 200 (Tex. 2001).

filing fee.  By letter dated June 19, 2018, the clerk of this court advised Mancillas that a filing fee of $205 was overdue and that unless she was excused from paying costs under appellate rule 20.1, failure to pay the filing fee by June 29 would result in dismissal of the appeal without further notice.  *See* TEX. R. APP. P. 20.1, 42.3(c).

To date, Mancillas has not responded to the clerk's letter, paid the filing fee, made other arrangements, or sought to proceed without payment of costs.  *See* TEX. R. APP. P. 12.1(b), 20.1.  Unless a party is excused from paying a filing fee, the clerk of this court is required to collect filing fees set by statute or by the Texas Supreme Court when an item is presented for filing.  *See id.* at 5, 12.1(b).  Although the filing of a proper notice of appeal invokes an appellate court's jurisdiction, if a party fails to follow the prescribed rules of appellate procedure, the appeal may be dismissed.  *Id.* at 25.1(b).

Accordingly, having provided Mancillas a reasonable opportunity to cure this defect, this appeal is dismissed for Mancillas's failure to comply with a requirement of the appellate rules and with a notice from the clerk requiring action within a specified time. TEX. R. APP. P. 42.3(c).

Per Curiam